UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

        Plaintiff

v.

TALLGRASS GOLF CLUB, DELALIO SOD FARMS,
INC., TALLGRASS LAND HOLDING, LLC,
DELALIO FAIRWAY ASSOCIATES, LLC,
TALLGRASS BEVERAGE, LLC,

        Defendant.

------------------------------------------------------------x

ECF CASE



Civil Action No.

CV 05 4648

COMPLAINT

HURLEY, J.

ORENSTEIN M.J.

JURY TRIAL DEMAND

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Eugene Palumbo, who was adversely affected by such practices. As alleged with greater particularity in paragraph seven (7) below, Mr. Palumbo was subjected to a hostile work environment based on his sex by Tallgrass Golf Club, DeLalio Sod Farms Inc., Tallgrass Land Holding, LLC, DeLalio Fairway Associates, LLC, Tallgrass Beverage, LLC, and, TGC Operating Company, LLC. (hereinafter "Tallgrass Golf Club"). In addition, Tallgrass Golf Club retaliated against Mr. Palumbo after he complained about the unlawful harassment.

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII

of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The unlawful employment practices alleged below were committed within the jurisdiction of the United States District Court for the Eastern District of New York.

## PARTIES

3. Plaintiff, Equal Employment Opportunity Commission (hereinafter "EEOC" or "the Commission"), is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Tallgrass Golf Club has continuously been doing business in the State of New York and the County of Suffolk, and has continuously had at least fifteen employees.

5. At all relevant times, Tallgrass Golf Club has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Mr. Palumbo filed a charge with the Commission alleging violations of Title VII by Tallgrass Golf Club. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least July 2003, Tallgrass Golf Club has engaged in unlawful employment practices at its facility located in Shoreham, New York in violation of Section 703(a) of Title VII, 42 U.S.C. §§2000e. These practices include, but are not limited to, the following:

   a) After Mr. Palumbo, a Tallgrass golf caddie, lost a golf game to a fellow female employee, a Tallgrass Golf Club manager (male) subjected Mr. Palumbo, a

subordinate, to public harassment, humiliation and discriminatory stereotypes because of his sex by posting and distributing a newsletter that mocked Mr. Palumbo by deriding his "manhood," calling him a "house bitch," and recommending he move to a particular summer vacation spot that is generally known to have a large gay population.

b) After Mr. Palumbo lost a second golf game to the same female employee, the Tallgrass Golf Club manager distributed a second newsletter with further derisive stereotypic and sex-based attacks on Mr. Palumbo such as calling him the "ball-less wonder," referring to his "recent testicle removal," and his potential new job opportunities as a "beverage-bitch" or performing "lap dances" for "the boys."

c) Tallgrass Golf Club created a hostile work environment by subjecting Mr. Palumbo to repeated taunts and insults of a stereotypic and sexual nature that impeded his ability to perform his work.

d) When Mr. Palumbo complained about the harassment, Tallgrass Golf Club took no effective action and disallowed Mr. Palumbo's continued employment in retaliation.

8. The effect of the practices complained of above has been to deprive Mr. Palumbo of equal employment opportunities and otherwise adversely affect his status as an employee because of his sex.

9. The unlawful employment practices complained of above were intentional.

10. At all relevant times, Tallgrass Golf Club has acted with malice and/or reckless indifference to the federally protected rights of Mr. Palumbo.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Tallgrass Golf Club, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in any employment practices that discriminate on the basis of sex;

B. Order Tallgrass Golf Club to institute and carry out policies, practices and programs that provide equal employment opportunities for all employees, regardless of gender, and that eradicate the effects of Tallgrass Golf Club's past and present unlawful employment practices;

C. Order Tallgrass Golf Club to make Mr. Palumbo whole, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of Tallgrass Golf Club's unlawful employment practices;

D. Order Tallgrass Golf Club to make Mr. Palumbo whole, by providing compensation for past and future pecuniary losses in amounts to be determined at trial;

E. Order Tallgrass Golf Club to make Mr. Palumbo whole by providing compensation for non-pecuniary losses, including pain, suffering and humiliation, in amounts to be determined at trial;

F. Order Tallgrass Golf Club to provide punitive damages to Mr. Palumbo for its malicious and/or reckless conduct, in amounts to be determined at trial;

G. Grant such further relief as the Court deems necessary and proper;

H. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated: New York, New York
September 30, 2005

Respectfully submitted,

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1801 L Street, N.W.
Washington, D.C. 20507

_____
Elizabeth Grossman
Acting Regional Attorney

_____
Lisa Sirkin
Supervisory Trial Attorney

_____
Michael B. Ranis (MR3757)
Trial Attorney

New York District Office
33 Whitehall Street, 5th Floor
New York, NY 10004
Phone: (212) 336-3696
Fax:    (212) 336-3701